# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GAMBLE,<br><br>                   Plaintiff,<br><br>     v.<br><br>FBI,<br><br><br>                   Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00432-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4).  On July 2, 2020, *pro se* Plaintiff Wayne Gamble (Plaintiff) filed his Complaint against Defendant (ECF 3) and was granted leave to proceed *in forma pauperis* (ECF 2).  Since then, Plaintiff has failed to update his address or make any filings in this case.  Based upon Plaintiff's failure to prosecute this case, and for the reasons outlined below, the court RECOMMENDS this case be dismissed.

## I.      BACKGROUND

On July 20, 2021, the court ordered Plaintiff to show cause within fourteen days why this action should not be dismissed for failure to prosecute (Order to Show Cause) (ECF 6).  The Order to Show Cause was docketed on July 20th (ECF 6).  However, it appears Plaintiff has failed to update his address with the court as previous mailings have been returned as undeliverable (ECF 5).  As of the date of this Report and Recommendation, Plaintiff has not responded to the Order to Show Cause.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute).  This court may dismiss actions *sua sponte* for failure to prosecute.  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

In doing so, the court considers:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen,* 333 F.3d at 1204.

Factors two, three, and five favor dismissal.  Plaintiff failed to respond to the court's previous orders and has not updated his address with the court.  Plaintiff's failure to move this matter along interferes with the judicial process and his culpability in failing to prosecute this matter is high.  There appears to be no effective lesser sanction.  Since Defendant has not yet been served the court cannot find there would be any prejudice.  While the court is unable to confirm whether Plaintiff has received actual notice of the court's previous warnings, on whole, the circumstances here militate in favor of dismissal.

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case, the court **RECOMMENDS** the

District Court **DISMISS** this case without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 August 2021.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah